IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. 1:09-cr-00238

TORRANCE RAY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        The Court has reviewed the Defendant's pro se *Motion for Sentence Reduction Pursuant to the First Step Act (Section 404)* (Document 49) and the counseled *Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 51).  The Office of the Public Defender initially conceded that the Defendant was not eligible for relief under the First Step Act, and the Court entered an order to that effect.  The Fourth Circuit Court of Appeals vacated and remanded for further consideration in view of recent precedent establishing that the Defendant is eligible for relief.

        The Court has further reviewed the *Supplemental Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 64) and the *Response of the Untied States to Supplemental Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 66), filed upon remand from the Fourth Circuit Court of Appeals.   In addition to the parties' briefing, the Court has reviewed and considered the original Judgment and Commitment Order and Statement of Reasons, plea agreement, and Presentence

Investigation Report. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a) and public safety.

The First Step Act of 2018 made certain provisions of the Fair Sentencing Act of 2010 retroactive. The Fair Sentencing Act reduced the disparity in the treatment of cocaine powder and cocaine base, with the effect of increasing the quantity of cocaine base necessary to trigger mandatory minimum sentences and reducing the sentencing ranges applicable under the Sentencing Guidelines for many crack cocaine offenses. Section 404(b) of the 2018 FSA permits courts to "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194. Sentence reductions are not available if the sentence was previously reduced under the Fair Sentencing Act or if a First Step Act reduction was previously denied on the merits, and courts are not required to reduce any sentence even after finding a defendant eligible for a reduction. First Step Act § 404(c). The Fourth Circuit has held that mechanism for reducing a sentence under the First Step Act is 18 U.S.C. § 3582(c)(1)(B) which permits courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *United States v. Wirsing*, 943 F.3d 175, 182–83 (4th Cir. 2019), *as amended* (Nov. 21, 2019).

On December 9, 2009, the Defendant pled guilty to distribution of a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1). The PSR indicates he was responsible for 24.8 grams of cocaine base and 29.45 grams of cocaine, which resulted in a base offense level of 26. Today, those drug quantities would result in a base offense level of 22. He possessed a firearm in connection with the offense, supporting a two-level increase in the offense level. Because the

2

Defendant had two or more prior convictions for serious controlled substance offenses, he was a career offender subject to a base offense level of 32.[1]  Following a three-level reduction for acceptance of responsibility, his guideline range was 151 to 181 months.  Under current law, he would remain subject to the Career Offender guideline and his guideline range would be the same. Absent the Career Offender provision, his guideline range would have been 70 to 87 months at the time he was sentenced.[2]  His Guideline range today, absent the Career Offender enhancement, would be 46 to 57 months.

The Defendant notes his good behavior in prison, which resulted in good time credit and has made it possible for him to serve the remaining months of his sentence on home confinement. He urges the Court to reduce his sentence to time served.  The United States argues that the Court should deny a reduction because Mr. Ray was sentenced to the bottom of his guideline range, and his guideline range has not changed.

The Fourth Circuit recently held that the penalty provision contained in 21 U.S.C. § 841(b)(1)(C), to which the Defendant was subject, was modified by the Fair Sentencing Act because the quantities of crack cocaine that fell within that section increased.  *United States v. Woodson*, 962 F.3d 812, 816 (4th Cir. 2020).  The Fourth Circuit further noted that "the relevant change for purposes of a 'covered offense' under the First Step Act is a change to the statutory penalties for a defendant's statute of conviction, not a change to a defendant's particular sentencing range as a result of the Fair Sentencing Act's modifications." *Id.*

---

1 The Defendant had 6 criminal history points, which would normally result in a Criminal History Category of III. As a Career Offender, he was placed in Criminal History Category VI.
2 The Court noted at sentencing that it applied a 20-1 crack-cocaine ratio, rather than the then-applicable 100-1 ratio.

In *Woodson*, as in this case, the defendant had been convicted of a crack cocaine offense with no specific drug quantity alleged, resulting in a statutory sentencing range of 0 to 20 years. Because of the career offender provisions, the Guideline range is unaltered. However, as the Fourth Circuit noted in *Woodson*, changes in the drug quantities that trigger higher penalties can alter a court's consideration of the appropriate sentence. The Career Offender provision approximately doubled the bottom of the guideline range for Mr. Ray at the time he was sentenced. Now, Mr. Ray's sentence at the bottom of the Career Offender guideline range is more than triple the bottom of his otherwise-applicable guideline range. Views of appropriate sentences for non-violent drug offenses have shifted, from both the public perspective and within the legal field. Thus, the fact that Mr. Ray's Guideline range has not changed does not necessitate a finding that a sentence reduction is improper.

Mr. Ray has served more than ten years for his offense, with a scheduled release date of October 1, 2020. That sentence is far greater than either of his prior custodial sentences. His criminal history is serious, with three prior felony convictions for controlled substance offenses.[3] However, he has no violent felony convictions, and nothing in his record suggests large-scale drug trafficking activity. He is completing the final months of his sentence on home confinement. He has obtained employment. Upon careful consideration, the Court finds that the sentence he has served was sufficient to provide just punishment and to satisfy the sentencing factors contained in 18 U.S.C. §3553(a), and a further sentence, although within the Guidelines, would be greater than necessary. The three-year term of supervised release previously imposed will help ensure a smooth transition, provide any needed services, and protect the public from further crime.

---

3 Two of the convictions were charged in the same charging document and were not separated by an intervening arrest and were scored jointly for purposes of the Guidelines.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's pro se *Motion for Sentence Reduction Pursuant to the First Step Act (Section 404)* (Document 49) be **GRANTED** and that the Defendant's sentence be **REDUCED** to **time served**, to be followed by **three years** of supervised release under the terms and conditions originally ordered. The Court **ORDERS** that the Defendant report to the United States Probation Office in the Southern District of West Virginia **within 48 hours** of Counsel's receipt of this Order.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 17, 2020

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA